Booth, J.,
delivered the opinion of the court:
The claimant, Franklin J. Moses,was a captain in the United States Marine Corps. October 11, 1900, he was assigned to the command of a company en route to Cavite, P. I., arriving; there November 3, 1900, and remaining on duty with troops until January 11, 1903. Immediately upon his arrival he was assigned for occupancy one room in officers’ quarters, Fort San Felipe, which he continued to occupy until November 14, 1900, when he relinquished possession of the same and took up quarters previously leased by him outside the barracks.
*30 It appears that claimant’s assigned quarters were inadequate for the accommodation of himself and wife, and in consequence thereof he did go outside the barracks to procure suitable living rooms. This suit is brought to recover $342, alleged to be due the claimant as commutation or hire of quarters at the rate of $36 per month, from November 15, 1900, to September 1, 1901, the period of time during which said claimant occupied outside quarters.
It is to be observed that the claimant was serving with troops, and commutation of quarters is- only allowable where an officer is detailed for duty without troops. (Hunt v. United States, 38 C. Cls., 704; Anderson v. United States, 39 ibid., 316.)
The claimant’s contention is founded upon certain regulations prescribed for the Army and- embraced in sections 984 to 988 (U. S. Army Regulations 1895, pp. 137, 138).
Section 988 of the Army Regulations of 1895 provides, among other things, “ If the public buildings are inadequate the commanding officer will apply, through the department commander, to the Secretary of War for authority to hire necessary quarters.” This -regulation affords a - remedy for the exact condition existing in this case. The authority to hire additional quarters, in the event of inadequacy, is reserved expressly to the Secretary of War. Without his authority it can not be done. Its application can not be so enlarged as to permit an officer of his own accord and upon his own motion to involve the United States in a pecuniary liability for quarters aside from those furnished him by the Government.
Under the Arn^ Regulations the practice has been for the proper officers to obtain the necessary authority to hire quarters as prescribed in regulation 988, and deal directly with the landlord, making disbursements directly to him through the Department of War, thus precluding the making of individual contracts of rental for quarters. We find no army regulation divesting the Secretary of War o‘f this authority or permitting- individual discretion or opinion as to the adequacy of army quarters.
Nothing appears to indicate that the expenditure made by *31 claimant was under or by virtue of any statute or by authority of the Secretary of War, as contemplated by army regulation 988. We are therefore of the opinion that the petition should be dismissed.
Petition is dismissed.